IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| John Thomas Lewis,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:20cv282 (CMH/JFA) |
| Harold W. Clarke,<br>    Respondent. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION

John Thomas Lewis, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging constitutional violations in connection with his December 17, 2013 convictions in the Circuit Court of Caroline County for malicious wounding and abduction. The § 2254 petition was filed in the United States District Court for the Western District of Virginia [Dkt. Nos. 1 and 2] and transferred to this Court because Lewis is detained pursuant to an order entered by the Circuit Court of Caroline County, which is within the Eastern District of Virginia. The respondent filed a Rule 5 Answer and a Motion to Dismiss with a supporting brief and exhibits [Dkt. Nos. 13-15], and Lewis has been afforded the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Accordingly, this matter is now ripe for disposition. A review of the record in this matter establishes that the respondent's Motion to Dismiss must be granted, and the petition must be dismissed with prejudice.

### I. Background

The petitioner was convicted in the Circuit Court of Caroline County of malicious wounding and abduction and is detained pursuant to the circuit court's final order dated December 17, 2013. The circuit court sentenced Lewis to serve ten years in prison, with five

years suspended, on the malicious wounding conviction, and ten years in prison on the abduction conviction. Lewis has a total active sentence of 15 years in prison. <u>Commonwealth v. Lewis</u>, Case Nos. CR12-13 and CR12-165. [Dkt. No. 15-1].

A judge of the Court of Appeals of Virginia denied Lewis's petition for appeal on October 30, 2015 and a three-judge panel of that court affirmed that denial on February 1, 2016. <u>Lewis v. Commonwealth</u>, Record No. 0019-14-2; [Dkt. No. 15-2]. The Court of Appeals summarized the evidence at trial as follows:

> [T]he evidence proved that on December 22, 2011, Samantha Wollfrey was approximately six months pregnant with appellant's child although the two were no longer romantically involved. Wollfrey testified appellant asked her for a ride. He explained he was meeting someone who owed him money. Wollfrey agreed, and appellant entered her car and gave her directions as they drove. Appellant directed her to a cul-de-sac at the end of a dirt road in an isolated area. Wollfrey turned the car around and parked. Appellant took the keys to Wollfrey's car, her cell phones, and her purse. He then produced a box cutter and stated his intention to kill her. Appellant accused Wollfrey of being unfaithful as he extended the weapon towards her. Wollfrey jumped from the car, but appellant caught her and ordered her back in the vehicle. Appellant slammed Wollfrey's head against a car window with enough force to crack the glass. He continued to beat and threaten her. When appellant stepped out of the vehicle, Wollfrey managed to drive away. She drove to a friend's house and contacted the police.

[Dkt. No. 15-2 at 3]. The Supreme Court of Virginia refused Lewis's petition for appeal on December 7, 2016. <u>Lewis v. Commonwealth</u>, Record No. 160323; [Dkt. No. 15-3].

While his direct appeal was pending, Lewis filed a petition for a writ of habeas corpus in the circuit court on October 28, 2014. <u>Lewis v. Clarke</u>, Case No. CL14000652-00. Lewis moved to non-suit his habeas petition pursuant to Virginia Code § 8.01-380 and on January 6, 2016, the circuit court granted his motion. Lewis re-filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on December 4, 2017. <u>Lewis v. Clarke</u>, Record No. 121612. Lewis was granted leave to amend the habeas petition on April 10, 2017 and the habeas petition

2

was subsequently transferred to the Circuit Court of Caroline County on July 18, 2018.[1] (VSCT at 144, 198). The circuit court dismissed Lewis's habeas petition on September 12, 2018 [Dkt. No. 15-4], and he appealed that dismissal to the Supreme Court of Virginia. <u>Lewis v. Clarke</u>, Record No. 190112. Lewis filed his notice of appeal on November 26, 2018 (VSCT at 200), which was more than thirty days after the entry of the final order. <u>See</u> Va. Sup. Ct. R. 5:9(a). Lewis's petition for appeal was filed "By Hand," on January 23, 2019, which was more than ninety days after the circuit court dismissed his habeas petition. <u>See</u> Va. Sup. Ct. R. 5:17(a)(1). On March 8, 2019, the Supreme Court of Virginia dismissed Lewis's appeal because he had "failed to timely file the notice of appeal and petition for appeal...." (VSCT at 272); [Dkt. No. 15-6] (citing Va. Sup. Ct. R. 5:9(a) and 5:17(a)(l)).

Lewis also filed a motion to vacate dated May 17, 2019 in the circuit court alleging his convictions were void <u>ab</u> <u>initio</u> because there was no record of the return of the indictments on January 4, 2012 and Mach 7, 2012. The indictment for malicious wounding, No. CR12-13, was returned on January 4, 2012, and entered in the Order Book, which is recorded in Book oo13, Pages 0810-12. The indictment for abduction, No. CR12-165, was returned on March 7, 2012 and entered in the Order Book, <u>nunc pro tunc,</u> in the order book on June 17, 2019. The <u>nunc pro tunc</u> order is found at Book 0034, Page 0651, and the indictment is attached thereto and found at Book 0034, Page 0655.

Lewis filed his § 2254 petition on March 4, 2020 the date he executed his amended petition [Dkt. No. 2], and raises the following claims:

---

[1] The certified records from the Supreme Court of Virginia include both the direct appeal and the subsequent habeas proceedings. The records are organized chronologically as a single record and are numbered sequentially. References to the certified record are hereinafter designated as follows, ("VSCT at __").

A. Counsel were deficient for not moving to dismiss his charges due to prosecutorial vindictiveness because the Commonwealth indicted him after he moved for a bail hearing. (Dkt. No. 1 at 71-74);

B. Counsel were ineffective because they failed to move to "suppress or otherwise object to the prosecution's introduction of photographs at trial …[of] the alleged box cutter, one sandal, the SUV's driver's side rear cargo window with a chip in the lower back corner, and the same window with a square foot of duct tape in the center of the window" because the evidence "was fabricated." (Id. at 75-77);

C. Trial counsel was ineffective because counsel failed to file a Brady[2] motion and object to the "Commonwealth's failure to disclose the medical reports, the colored photographs and the fact that they never possessed the evidence depicted in the colored photographs, in violation of [Brady]." (Id. at 78);

D. Trial counsel was ineffective and should have impeached the victim's testimony with ambulance records, police reports, and a recording of the protective order hearing to show "that her testimony was false." (Id. at 83);

E. Trial counsel was ineffective and should have called "Carlene Baker to the stand after subpoenaing her, failed to locate witness Robert Parker, failed to subpoena Christopher Howard, and ambulance personnel to impeach [his victim's] testimony or object to the Petitioner being taken to trial without his witnesses being present who were subpoenaed." (Id. at 85);

F. Trial counsel was ineffective because counsel "failed to object and argue a Napue[3] violation where the prosecutor knowingly presented the testimony of Sheriff Deputy Hamey and Woolfrey, allowing their perjured testimony to go without correction." (Id. at 88);

G. Counsel "was ineffective because counsel failed to object to Woolfrey's victim impact statement given to counsel in the courtroom on the day of sentencing prior to the start of the hearing in violation of Va. Code § 19.2-299.1" or to seek a continuance and present evidence to mitigate the statement. (Id. at 90);

H. Trial counsel Danjczek and White were ineffective for not seeking to correct a "defective 3-year plea agreement that petitioner would have taken had the corrections been made." (Id. at 91);

I. Petitioner's due process rights were violated because his indictment for abduction was "void ab initio" because it was not "presented in open court by the clerk of the court with the acquiescence of the grand jury" and it was not signed by the judge and entered in the "order book" at the time of his trial. (Id. at 92-93);

J. Trial counsel was ineffective because counsel failed to object to the "subornation of perjury and the prosecutorial misconduct" because counsel instead was

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Napue v. Illinois, 360 U.S. 264 (1959).

"compliant in covering up the false evidence." (Id. at 93).

Claims A through H and J were each raised in the state habeas proceedings. (VSCT at 42-85). Claim I was not raised in the state proceedings, but in the motion to vacate filed in the circuit court on and addressed by the circuit court in the June 17, 2019 nunc pro tunc an order.

## II. Statute of Limitations

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

The one-year period in which to file a federal habeas corpus petition generally begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(A), (d)(2).

Petitioner's conviction became final on December 7, 2016, when the Supreme Court of Virginia denied his petition for appeal. The federal one-year statute of limitations began to run 90 days from that date, or on March 7, 2017, after allowing for the time in which he could have petitioned the United States Supreme Court for review. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Thus, absent tolling, Lewis had until March 7, 2018, to file his federal habeas petition. Id. at 327.

Lewis filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on December 4, 2017, which was amended on April 10, 2017, and subsequently transferred to the

5

Circuit Court of Caroline County on July 18, 2018. The circuit court dismissed Lewis's habeas petition on September 12, 2018 and he appealed. The Supreme Court of Virginia dismissed Lewis's appeal on March 8, 2019 because he had "failed to timely file the notice of appeal and petition for appeal...." [Dkt. No. 15-6] (citing Va. Sup. Ct. R. 5:9(a) and 5:17(a)(1)). Because Lewis had not properly filed his petition for appeal, he was not entitled to statutory tolling after the dismissal of his state habeas petition by the circuit court on September 12, 2018.

Only a properly filed petition for appeal, appealing a lower court's decision regarding a habeas corpus petition, tolls the statute of limitations from the date of the lower court's decision until the appellate court issues a decision. Rodgers v. Angelone, 113 F. Supp.2d 922, 929-30 (E.D. Va. 2000), aff'd, 5 F. App'x 335 (4th Cir. 2001); see Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which includes "form of the document"). An improperly filed petition, like Lewis's, does not qualify for tolling under § 2244 and the statute of limitations begins running from the date of the lower court's decision. Id. (holding that filing of a notice of appeal does not toll the limitations period if the petitioner subsequently fails to file a petition of appeal with the Virginia Supreme Court); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (holding statute of limitations was not tolled because the petition for appeal was not properly filed because it did not include assignments of error as required by state court rules) (citing Va. Sup. Ct. R. Rule 5:17(c)(l)(i)), appeal dismissed, 47 F. App'x 200 (4th Cir. 2001); see also Escalante v. Watson, 488 F. App'x 694, 697-98 (4th Cir. 2012) (relying on Christian's logic to hold that petitions for appeal that failed to comply with Va. Sup. Ct. R. 5:17(c) do not toll the statute of limitations under § 2244(d)(2)).

Here, 272 days of the federal statute of limitations elapsed between March 7, 2017 when Lewis's conviction became final and December 4, 2017 when the filing of the state habeas

petition tolled the federal statute of limitations. The tolling of the federal statute of limitations ceased on September 12, 2018 when the circuit court dismissed the state habeas petition, however, because Lewis failed to timely file his notice of appeal. The statute of limitations elapsed 93 days later on December 14, 2018. Lewis did not execute his federal petition until March 4, 2020, which is well passed the expiration of the federal statute of limitations.[4]

Although statutory tolling is not applicable, a petitioner can qualify for equitable tolling if he demonstrates that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate fulfillment of both elements of the test, Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal citation omitted) and is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). In

---

[4] Because a prisoner must rely for prison officials to mail their petition to court, the petition is considered filed as of the date it was properly delivered to prison officials for mailing to the court. Houston v. Lack, 487 U.S. 266, 276 (1988). Lewis's petition was filed in the Western District and marked "received" on March 9, 2020. The petition was sent to the Court via UPS on March 7, 2020 by "Chandra Lewis" and not the petitioner herein. [Dkt. No. 1 at 95]. Accordingly, the Houston filing rule does not apply. See Wilder v. Chairman of the Cent. Classification Bd., 926 F.2d 367, 370 (4th Cir. 1991) (finding Houston filing rule does not apply when a prisoner gives papers to a person other than the prison authorities); see also Dison v. Whitley, 20 F.3d 185, 187 (5th Cir. 1994) (holding Houston exception is limited to filings with prison officials, over whom a prisoner has no control). A second habeas petition was "received" by the Western District on March 12, 2020, with a cover letter dated March 9, 2020. [Dkt. No. 2]. The second petition is dated March 4, 2020, and the envelope is postmarked March 10, 2020 and was mailed from Chesterfield County, Virginia. [Id. at 15, 16]. Petitioner is detained at Red Onion Prison in Pound, Virginia, which is several hundred miles away from where the petition was mailed. In neither instance is petitioner entitled to the mailbox rule as set forth in Houston because either it was not sent to the Court by the petitioner, or it was clearly not given to the prison authorities for mailing at Red Onion. Petitioner has not contested the respondent's use of the March 4, 2020 date [Dkt. No. 15 at 2] and therefore, for purposes of this motion, the Court will deem the petition filed on March 4, 2020. The Court notes, however, that Lewis admits in his filings that his petition was not mailed until March 5, 2020. [Dkt. No. 11 at 2].

addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Lewis has not sought equitable tolling and instead has asserted that his petition is timely because the Supreme Court of Virginia dismissed his petition for appeal on March 8, 2019. [Dkt. No. 2 at 13]. As noted above, the statutory tolling Lewis relies upon ceased on September 12, 2018 because Lewis failed to file a timely notice of appeal.

In the event petitioner claims he is actually innocence to excuse his delay, the claim has no merit. See Schlup v. Delo, 513 U.S. 298, 329 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence-* whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Id. at 324 (emphasis added). He must further show that his case is "truly extraordinary" and that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327. Further, the unexplained delay in presenting new evidence bears on the determination whether the prisoner has made the requisite showing. See McQuiggin v. Perkin, 569 U.S. 383, 399 (2013).

Here, Lewis fails to put forward any new evidence that would cause a reasonable juror to question his guilt. Most of the evidence Lewis relies upon (affidavits and documents) were known to Lewis at the time of trial or he was present when the events occurred [Dkt. No. 1 at 32, 56, 57, 76-77, 78-79, 85-87, 93] and the ambulance reports were not only available [Id. at 83] but they largely corroborate the victim's testimony. It certainly would not have helped petitioner's defense to have prior consistent statements introduced from the ambulance reports such as — the

8

victim "stated she had her head slammed into a window, and the window broke," and that the victim refused further treatment after she found out her head was not cut but that "she did have a knot on the back or her head." [Id. at 59].

Moreover, the evidence proffered by the petitioner corroborates the Commonwealth's evidence of guilt. The proffered evidence demonstrates that the vehicle in which Lewis abducted and battered his victim contains independent evidence of his crimes. For instance, witnesses noted a shattered window corresponding to the location where the victim testified that she hit her head when Lewis slammed it against a car window. [Dkt. No. 1 at 53-54]. As noted, the first responders documented the victim's visible injuries, and the victim's friend's testimony corroborated certain portions of the victim's account. [Id. at 59].[5] The transcript of the protective order hearing and the police reports attached to the petition are also primarily consistent with the victim's trial testimony. [Id. at 17, 18-19, 22-30, 43, 45, 46, 53, 54, 55].

Petitioner's affidavits and disputed ownership of the box cutter, which the petitioner used to threaten his victim, do not satisfy the Schlup standard of actual innocence to excuse his default. Lewis's evidence is not new and essentially is meant to attack the credibility of the victim. See, e.g., Sawyer v. Whitley, 505 U.S. 333, 349 (1992) ("[L]atter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of the [witness's] account.");

---

[5] On direct appeal, the Court of Appeals of Virginia noted that there were "minor inconsistencies between the victim's trial testimony and her earlier account of the events" but found that her testimony was "a largely consistent account of the extended incident with only minor differences concerning how many times she was able to exit the car and the exact placement of the box cutter appellant used to threaten her." [Dkt. No. 15-2 at 4]. The Court of Appeals of Virginia also found that the victim's "testimony was corroborated in part by the testimony of her friend who saw her immediately after the incident and by the police officer who responded to her report," and concluded that the "record fully supports the trial court's credibility determination." [Id.].

Munchinski v. Wilson, 694 F.3d 308, 338 (3d Cir. 2012) (impeachment evidence generally insufficient to establish entitlement to finding of actual innocence). Finally, the petitioner's delay in filing his federal habeas is also indicative of the lack of merit of his claim. See Kansas v. Colorado, 514 U.S. 673, 687 (1995) ("[E]quity aids the vigilant and not those who slumber on their rights."). As such, Lewis's claims remain barred from review.[6]

### III.  Exhaustion and Procedural Bar

Before bringing a federal habeas petition, state prisoners must first exhaust their claims in the appropriate state court. Failure to exhaust all claims requires dismissal of the claims to allow the petitioner to first present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129, 134 (1987). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, Lewis must first have presented the same factual and legal claims raised in his federal action to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513

---

[6] Petitioner's claims are also not reviewable under the limited exception outlined by the United States Supreme Court in Martinez v. Ryan, 566 U.S. 1, 9 (2012), allowing review of certain ineffective assistance of counsel claims. Martinez may excuse certain state defaults in limited circumstances, but it does not excuse otherwise untimely federal habeas petitions or provide tolling under the AEDPA. Id; see also Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) (holding the narrow Martinez exception does not save an untimely habeas petition because the exception is meant to be difficult to meet "to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism."). Because Lewis's petition is untimely, his claims are barred from review in this Court and his petition must be dismissed. Further, Martinez would not apply because it only allows review of claims that were not raised at the initial review collateral proceedings and here the petitioner raised Claims A through H and J in state circuit court but failed to adequately present them after his initial proceeding on appeal, Martinez, 566 U.S. at 9, and claim I does not raise a constitutional claim. See infra at 12-13.

U.S. 364, 365 (1995).

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that Lewis may present his claims to the state courts. See Granberry, 481 U.S. at 134; Rose v. Lundy, 455 U.S. 509, 515-19 (1982); 28 U.S.C. § 2254(b). Generally, a federal habeas petition containing unexhausted claims will be dismissed without prejudice to allow for further state court review. See Rose, 455 U.S. at 522. If state law, however, would bar further state court review, then federal habeas review of the unexhausted claim is procedurally barred. See Bassette v. Thompson, 915 F.2d 932, 935-37 (4th Cir. 1990); see Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996) ("A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default.") (citing Harris v. Reed, 489 U.S. 255, 263 (1989)).

A procedural rule barring federal habeas review is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not 'depend[] on a federal constitutional ruling.'" Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999) (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)). The United States Supreme Court has long held that a state prisoner's habeas claims may not be entertained by a federal court "when (1) 'a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Maples v. Thomas, 565 U.S. 266, 280 (2012) (quoting Walker v. Martin, 562 U.S. 307, 316 (2011)).

A. *Claims A through H and J*

In the instant case, Lewis raised Claims A through H and J in his state habeas proceeding.

In his attempt to appeal the dismissal by the circuit court the Supreme Court of Virginia expressly dismissed Lewis's appeal because he had "failed to timely file the notice of appeal and petition for appeal...." [Dkt. No. 15-6] (citing Va. Sup. Ct. R. 5:9(a) and 5:17(a)(1)). Lewis's procedural defaults preclude federal review.

First, the Supreme Court of Virginia explicitly relied on petitioner's procedural defaults under Rules 5:9(a) and 5:17(a)(1) and to deny relief. Second, the Fourth Circuit has held that the procedural defaults under Rules 5:9(a) and 5:17(a)(1) constitute an adequate and independent state law ground for decision. See O'Dell v. Netherland, 95 F.3d 1214, 1244 (4th Cir. 1996) (finding that Virginia Supreme Court's dismissal of appeal from denial of writ of habeas corpus as untimely pursuant to Rule 5:17(a)(1) was independent and adequate state law ground barring federal habeas review); Wise v. Williams, 982 F.2d 142, 143-144 (4th Cir. 1992) (Rule 5:9(a) is independent and adequate state bar).

Additionally, petitioner has not alleged, and the record does not establish, cause and prejudice sufficient to excuse procedural default; nor has petitioner argued that a fundamental miscarriage of justice will result if his claims are not considered. Therefore, claims A through H and J must be dismissed as procedurally defaulted.

B. *Claim I*

In claim I, Lewis alleges his convictions are void because his indictment was not recorded in the circuit court's Order Book. Lewis raised this claim in a motion to vacate in the circuit court and the circuit court entered an order, nunc pro tunc, curing the alleged defect on June 17, 2019. See, supra at 3. It does not appear, however, that Lewis ever presented the claim to the Supreme Court of Virginia. In his § 2254 petition, Lewis claims that claim I is pending before a state or federal court, but he provides no citation to any pending proceeding.

12

Whether it is pending or not, however, is irrelevant because it concerns a matter of state law and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "Matters of State law not involving federal constitutional issues are [therefore] not appropriate grounds for federal habeas corpus relief," and errors "merely related to a State procedural question ... may not be reached in a federal habeas corpus petition unless the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice, or exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978) (internal quotation marks and citations omitted).

It is clear that the requirement of indictment by a grand jury contained in the Fifth Amendment to the United States Constitution does not apply to the states. Wilson v. Lindler, 8 F.3d 173, 174 (4th Cir. 1993) (en banc), cert. denied, 510 U.S. 1131 (1994). This rule allows states to prosecute felony cases by information as opposed to grand jury indictment. Hurtado v. California, 110 U.S. 516, 538 (1884); Wilkerson v. Whitley, 28 F.3d 498, 502-03 (4th Cir. 1994) (en banc).

In Virginia, the requirement for proceeding by indictment is statutory and the Supreme Court of Virginia has addressed the very alleged defect that Lewis raised in his motion to vacate and held that "the statutory requirement for an indictment ... is not jurisdictional, the failure of the record to show affirmatively that the indictment was returned into court by the grand jury is not such a defect as will render null and void the judgment of conviction based thereon." Epps v. Commonwealth, 293 Va. 403, 409 (2017) (quoting Hanson v. Smyth, 183 Va. 384, 390-91 (1944)). Epps held that "even if the indictment was not valid before the recording order was entered after the trial, the defect in the indictment would not have deprived the circuit court of

13

jurisdiction to try Epps." Id. In sum, even if timely and properly exhausted, claim I does not involve a fundamental constitutional defect and also has no merit.

****

Lewis has also filed a motion for appointment of counsel [Dkt. No. 11] and a motion to stay this matter because he has filed a complaint with the United States Department of Justice. [Dkt. No. 12]. Lewis requests the Court appoint counsel to assist him in these proceedings alleging the proceedings are "complex." [Dkt. No. 11 at 1]. Lewis, however, has no right to counsel in seeking habeas corpus relief in the federal courts. See McCleskey v. Zant, 499 U.S. 467, 495 (1991); Penn v. Finley, 481 U.S. 551, 555 (1987). Although the Court has discretion to appoint counsel if it "determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), counsel should only be appointed under "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Lewis has presented no exceptional circumstances. Further, appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. See Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). The claims before the Court do not require discovery and concern historical matters based upon the record and do not require a hearing. Cf. Bennett v. Angelone, 92 F.3d 1336, 1347 (4th Cir. 1996) (denying petitioner's request for an evidentiary hearing because he "add[ed] nothing 'additional" to the factual mix already before the district court"). The motion for appointment of counsel will be denied.

Lewis's motion for a stay provides no basis to stay this proceeding. Under the traditional standard for determining whether a stay should issue, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether

14

issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 425-26 (2009). The procedural posture of the present habeas petition precludes Lewis from prevailing on the merits. He is barred by the statute of limitations and he has defaulted all of his constitutional claims. Lewis will not be irreparably harmed because he has failed to provide a basis upon which relief can be granted and he may still pursue an appeal of this Court's decision. The final two factors of the stay also favor denying the stay. Congress has established a public policy that favors finality and "[s]taying a federal habeas petition frustrates [the] AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." Rhines v. Weber, 544 U.S. 269, 277 (2005).

## IV. Conclusion

For the foregoing reasons, respondent's motion to dismiss [Dkt. No. 13] must be dismissed with prejudice and Lewis's motions [Dkt. Nos. 11 and 12] must be denied. An appropriate Order shall issue.[7]

Entered this 19th day of October, 2020.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.